**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

F I L E D

NOV 27 2015

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| CARLOS ENRIQUE MARTINEZ<br>1338 East Long View Drive<br>Woodbridge, Virginia 22191 | : <br> : <br> : |
| | : Civil Action No. |
| and | : <br> : 1:15CV1591  AJT/TCB |
| | : |
| ERICK BOANERGES CASTILLO REYES<br>5513 Volta Avenue<br>Bladensburg, Maryland 20710 | : <br> : <br> : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| NATIONAL HIGHWAYS, LLC<br>1546 Jefferson Davis Highway<br>Stafford, Virginia 22554 | : <br> : <br> : |
| | : |
| Serve: Resident Agent<br>Mauricio Lujan<br>6910 Spelman Drive<br>Springfield, Virginia 22153 | : <br> : <br> : <br> : |
| | : |
| MAURICIO LUJAN<br>6910 Spelman Drive<br>Springfield, Virginia 22153 | : <br> : <br> : |
| | : |
| and | : |
| | : |
| JUAN LUJAN<br>1546 Jefferson Davis Highway<br>Stafford, Virginia 22554 | : <br> : <br> : |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiffs, Carlos Enrique Martinez and Erick Boanerges Castillo Reyes ("Plaintiffs"), by and through their attorneys, Mary J. Craine Lombardo and Stein Sperling Bennett De Jong Driscoll PC, hereby file their Complaint against Defendants National Highways, LLC, Mauricio Lujan and

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4335677_1

Juan Lujan (collectively "Defendants"), under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), stating as follows:

## INTRODUCTION

Plaintiffs worked for Defendants as laborers. Plaintiffs were paid at the same weekly rate regardless of the hours worked. Plaintiffs worked hours in excess of forty hours per week and were not paid at the overtime rate of one and a half times their regular hourly wages as required by federal law. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA. Plaintiffs seek compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1.      This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2.      Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiffs are adult residents of Virginia and Maryland.

4.      Defendants National Highways, LLC is a Virginia limited liability company.

5.      Defendants Mauricio Lujan and Juan Lujan (the "Individual Defendants") are principals of the business.

6.      At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7.      Each Defendant is an "employer" within the meaning of the FLSA.

8.      Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301.340.2020

4335677_1

commerce.  Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9.      At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10.     The Individual Defendants controlled the day to day operations of National Highways, LLC.

11.     The Individual Defendants had the power to hire, fire, suspend, and discipline Plaintiffs.

12.     The Individual Defendants supervised Plaintiffs directly or indirectly.

13.     The Individual Defendants directly or indirectly set and controlled Plaintiffs' work schedules or had the power to do so.

14.     The Individual Defendants directly or indirectly set and determined the rate and method of Plaintiffs' pay or had the power to do so.

15.     Federal courts have made clear that individual employers are liable under FLSA, if the employer met the economic reality test for "control." *Chao v. Mid-Atlantic Installation Services, Inc.*, 16 Fed Appx. 104 (2001).

16.     The Individual Defendants would each be considered an employer for purposes of individual liability because of their intrinsic involvement in the business.

## FACTS

17.     Plaintiffs were employed by Defendants as laborers.

18.     Plaintiffs worked for Defendants during the statutory period and were not paid time and a half for hours worked in excess of 40 hours per week.

19.     Plaintiffs worked approximately 60 hours per week.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
15 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301-340-2020

3

20.    Plaintiff Martinez was paid $600-$800 per week.

21.    Plaintiff Castillo Reyes was paid $1,000-$1,200 per week.

22.    Plaintiff Martinez is owed approximately $13,468.87 in unpaid wages.

23.    Plaintiff Castillo Reyes is approximately $23,672.40 in unpaid wages.

24.    Plaintiffs are owed overtime wages that Defendants willfully failed and refused to pay to Plaintiffs in violation of federal law.

25.    By statute, Defendants are required to maintain records which document the wages, hours and other conditions of employment. *See* 29 U.S.C. §211.

26.    The precise number of hours worked, and wages owed, should be revealed through discovery.

27.    Defendants knowingly and intentionally violated Plaintiffs' rights under federal law.

### COUNT I
### (FLSA)

28.    Plaintiffs adopt by reference paragraphs 1 through 27 above as if fully set forth herein.

29.    Defendants were required to pay Plaintiffs compensation at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

30.    Throughout the Employment Period, Defendants failed to compensate Plaintiffs at the rate of one and a half times their regular hourly rates for all hours worked in excess of forty hours per week.

31.    Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301.340.2020

4335677_1

32.     Defendants' violation makes them liable to Plaintiffs for all unpaid overtime compensation, and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter judgment against Defendants, jointly and severally, in their favor in an amount to be determined at trial, but not less than $74,282.54 which is two times the total overtime compensation owed, to grant Plaintiffs their reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

By: _____

Mary J. Craine Lombardo (77768)
25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax
mlombardo@steinsperling.com

*Attorneys for Plaintiffs*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND
20850

TELEPHONE 301-340-2020

5

4335677_1